FILED
United States Court of Appeals
Tenth Circuit

March 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERNESTO LUNA-BOLANOS, a/k/a
Ernesto Reyes Luna,

Defendant-Appellant.

No. 09-1207
(D.C. No. 1:08-CR-00510-CMA-1)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

A jury found defendant-appellant Ernesto Luna-Bolanos guilty of one count

of illegal reentry by a previously deported alien, in violation of 8 U.S.C.

§ 1326(a) and (b)(1). He appeals his conviction on the ground that the

government's evidence was insufficient to prove an element of the offense: the

lack of express consent to reapply for admission to the United States. *See id.* at

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1326(a)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that the jury's verdict was supported by sufficient evidence and AFFIRM the district court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

Mr. Luna-Bolanos was removed from the United States in September 2005 and told he was forbidden to return without consent from the Attorney General to apply for permission to reenter. Nevertheless, Immigrations and Customs Enforcement (ICE), a division of the Department of Homeland Security (DHS), found him in the United States in 2008 and took him into custody. At the time, he possessed a Colorado driver's license in the name of Ernesto Luna-Tena and signed his name as Ernesto Luna.

Under the name of Ernesto Luna-Bolanos, defendant was indicted on one count of being an alien who re-entered the United States after being deported or removed, subsequent to his 1994 California felony conviction for possession of a controlled substance. *See* 8 U.S.C. § 1326(a), (b)(1). After the ensuing jury trial, he was found guilty and sentenced to 17 months' imprisonment. He now appeals his conviction.

## II. DISCUSSION

To establish the charged offense, the government was required to prove that (1) Mr. Luna-Bolanos is an alien; (2) who was convicted of a felony and later deported; (3) who was thereafter found in the United States; and (4) who did not

have the appropriate consent from the Attorney General or his successor, the

Secretary of Homeland Security, to reapply for admission into the United States.

*See* 8 U.S.C. § 1326(a), (b)(1); *United States v. Martinez-Morel*, 118 F.3d 710,

712-13 (10th Cir. 1997).[1]  On appeal, Mr. Luna-Bolanos implicitly concedes the

first three elements, and challenges only the sufficiency of the evidence on the

fourth--the consent element.  He asserts that the government failed to conduct an

adequate record search under all of his aliases, thus failing to demonstrate that he

lacked permission to re-apply for admission.

"We review sufficiency of the evidence de novo . . . . view[ing] the

evidence in the light most favorable to the government" and "asking whether any

rational trier of fact could have found the defendant guilty of the crime beyond a

reasonable doubt."  *United States v. Parker*, 553 F.3d 1309, 1316 (10th Cir. 2009)

(quotations and alteration omitted).  "We will only overturn a guilty verdict on

sufficiency grounds if no reasonable juror could have reached such a verdict on

the evidence presented."  *Id.*

Several government witnesses testified on the lack-of-permission element.

Javier Gutierrez, an ICE Immigration Enforcement Agent, detailed the

administrative processing of Mr. Luna-Bolanos after he had been found in the

---

[1]     The unpublished case of *United States v. Rios-Zamora*, 153 F. App'x. 517, 520-21 (10th Cir. 2005), explains the roles of Attorney General and Secretary of Homeland Security regarding consent for re-application after the 2003 transfer of authority from the Immigration and Naturalization Service to the DHS.

United States. Mr. Luna-Bolanos was identified with his alien number and his birthdate. In the initial stage of processing, Mr. Luna-Bolanos told Mr. Gutierrez that his true and correct name was Ernesto Luna-Bolanos. Defendant also admitted that he was in the United States illegally, that he had never been admitted to the United States as a legal permanent resident, and that he did not have consent to re-enter the United States.

Barbara Koenigsberg, the acting records manager for the Denver field office of DHS's Citizenship and Immigration Services, stated that the agency "run[s] into alias situations quite often, where people will use different names on their documentation" so the agency routinely uses different portions of an alien's name, date of birth, or parents' information. R., Vol. 2 at 261. Ms. Koenigsberg searched three different computer systems to determine whether Mr. Luna-Bolanos or an individual with his date of birth obtained consent to reapply for admission into the United States. She determined that he had never received the requisite consent. As a result, she prepared a Certificate of Nonexistence of Record, which stated that no record was found of any application for permission to reenter made by Ernesto Luna-Bolanos or an individual with his alien number or date of birth.

Additionally, ICE Officer Trenton Blatt, the deportation officer involved in the criminal investigation, re-searched the databases checked by Ms. Koenigsberg. He stated that he found no record indicating that

Mr. Luna-Bolanos had asked for or received permission to reenter the United States under his own name or the name of Ernesto Luna-Tena.

Given Mr. Luna-Bolanos's admissions, coupled with searches conducted by Ms. Koenigsberg and Officer Blatt, the government's evidence was sufficient for the jury to find beyond a reasonable doubt that defendant had not obtained express consent to reapply for admission to the United States after his deportation. *See United States v. Martus*, 138 F.3d 95, 97 (2d Cir. 1998) (Certificate of Nonexistence of Record and defendant's acknowledgment that he had not received permission established nonexistence of express consent). *See also United States v. Scantleberry-Frank*, 158 F.3d 612, 617 (1st Cir. 1998) (Government's thorough record search demonstrated that defendant had not sought permission to reenter country under any of his aliases). Mr. Luna-Bolanos's arguments concerning his use of the name Ernesto Luna, the existence of two different alien files, and the government's "last-minute" review of one computer database, Aplt. Br. at 8, involve the weight of the evidence. On appeal, "we do not weigh conflicting evidence or consider witness credibility, as that duty is delegated exclusively to the jury." *Parker,* 553 F.3d at 1316.

## III. CONCLUSION

For the reasons stated above, this court concludes there was sufficient evidence to support Mr. Luna-Bolanos's conviction and AFFIRMS.

Entered for the Court


Jerome A. Holmes
Circuit Judge